UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IRENE ROUNDTREE,

                Plaintiff,

vs.

                                            Case No.:

WERNER ENTERPRISES, INC.,

                Defendant.

_____

## NOTICE OF REMOVAL

Defendant, WERNER ENTERPRISES, INC. (hereinafter "Defendant"), hereby gives notice of Removal of the above captioned action from the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, in which this action is now pending, to the United States District Court, Middle District of Florida, Jacksonville Division, and respectfully represents as follows:

1. On or about March 8, 2023, a Complaint was served on Defendant. The civil action entitled *IRENE ROUNDTREE v. WERNER ENTERPRISES, INC.*, was commenced in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, and assigned Case number 2023-CA-1240 in Division CV-H. This action was filed in the Duval County Circuit Court on March 2, 2023. (A copy of the Complaint, as well as all other materials contained within the underlying State Court file are attached hereto as **Exhibit "A"**).

2. This action is properly removable pursuant to 28 U.S.C. §1441 and this Notice of Removal is filed within the thirty (30) day statutory period for removal under 28 U.S.C. §1446(b).

3. There is complete diversity of citizenship between the parties to this cause. For natural persons such as Plaintiff, citizenship consists of two elements: residency in a state and intent to remain in that state. *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021); *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (holding citizenship is determined by "domicile" or "the place of his true fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom").

4. Upon information and belief, Plaintiff is a citizen of the State of Florida. At the time of the subject accident, Plaintiff had a Florida driver's license with an expiration date of September 28, 2025, that driver's license listed a Florida address, and she was driving a vehicle registered in Florida. *See* Florida Traffic Crash Report attached as **Exhibit "B."**

5. For purposes of diversity of citizenship, under 28 U.S.C. § 1332(c), a foreign corporation is deemed to be a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Defendant is a foreign company duly organized as a

corporation under the law of Nebraska with its principal place of business in Nebraska. *See* **Exhibit "C."**

6.  Thus, because Plaintiff is a citizen of Florida and Defendant is a foreign company duly organized as a corporation under the law of Nebraska with its principal place of business in Nebraska, there is complete diversity of citizenship.

7.  This is a purported negligence action brought by the Plaintiff against the Defendant. As is expressly referenced in the Complaint, the Plaintiff is seeking damages in excess of $75,000.00. Moreover, Plaintiff indicated on her civil cover sheet that the amount in controversy exceeds $100,000. *See* **Exhibit "D."** Courts in the Middle District of Florida have recently held that the civil cover sheet is an "other paper" that the Court may look at in assessing whether the amount in controversy exceeds $75,000. *See Soto Rios v. Wal-Mart Stores East, LP*, 2022 WL 2384021 (M.D. Fla. July 1, 2022) (granting plaintiff's motion to remand and holding that defendant was untimely in waiting to remove the case until it received discovery responses because the civil cover sheet was an "other paper" which began the clock for removal purposes). *See also Seaman v. Holiday CVS,* LLC, 3:22-cv-76-BJDPDB (M.D. Fla. July 12, 2022) (denying plaintiff's motion to remand and holding that the information contained in the state court civil cover sheet is considered "other

paper" for purposes of determining whether removal is proper).¹ Thus, removal is timely under 28 U.S.C. §1446(b)(3) because Defendant's Notice of Removal was filed within 30 days of the "other paper" upon which the case first became removable.

8. These "papers," including but not limited to Plaintiff's Complaint, specifically paragraph 1, and the Civil Cover Sheet which specifically state that Plaintiff's claims exceed $75,000.

9. Plaintiff alleges in the Complaint that she was injured as a result of an individual's negligent operation of the motor vehicle owned by Defendant, so that it collided with Plaintiff's vehicle. Plaintiff claims that she has suffered damages including, without limitation:

  a. Bodily Injury
  b. Disability or Physical Impairment
  c. Scarring or Disfigurement
  d. Mental Anguish
  e. Inconvenience
  f. Loss of Capacity for the Enjoyment of Life
  g. Aggravation of a Pre-Existing Condition
  h. Expense of Hospitalization, Medical and Nursing Care and Treatment
  i. Lost Wages and Loss of Ability to Earn Money

*See* Pl.'s Compl., ¶ 10. Plaintiff also contends that her losses are permanent or continuing in nature. *Id.* at ¶ 10.

---

¹ Defendant acknowledges that there are also Middle District opinions holding the opposite, but in an abundance of caution and to ensure that Defendant does not waive its right to remove the case to federal court, Defendant is proceeding based on these recent opinions.

10. Because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, this Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C. §1332. As such, this removal action is proper.

11. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action was promptly served on Plaintiff's counsel, and a Notice of Filing of Removal will be filed with the Clerk of the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida.

12. Defendant has served the instant Notice of Removal on Plaintiff's counsel on March 28, 2023. Defendant has also timely filed a Notice of Application for Removal with the Clerk of the Circuit Court of the Fourth Judicial Circuit. Thus, removal is timely under 28 U.S.C. §1446(b)(3) because Defendant's Notice of Removal was filed within 30 days of the "other paper" upon which the case first became removable.

13. Accompanying this Notice of Removal is a Civil Cover Sheet as well as a check for the required filing fee.

**WHEREFORE**, the undersigned Defendant respectfully requests that this action now pending in the Fourth Judicial Circuit in and for Duval County, Florida, be removed from there to this Honorable Court because of the complete diversity between the parties and the amount in controversy that exceeds $75,000.00.

Dated: March 28, 2023.

/s/ Meghan K. Bradley
Heath L. Vickers
Florida Bar No. 0084769
Meghan K. Bradley
Florida Bar No. 1010918
CARR ALLISON
200 W Forsyth Street, Suite 600
Jacksonville, Florida 32202
Telephone: (904) 328-6456
Facsimile: (904) 328-6473
Email: hvickers@carrallison.com
Email: mbradley@carrallison.com
Secondary Email:
nwelsh@carrallison.com
Secondary Email:
asharpe@carrallison.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 28, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide a notice of electronic filing and a copy of the foregoing to the following:

Paul Shorstein
PAJCIC & PAJCIC, P.A.
One Independent Drive, Suite 1900
Jacksonville, FL 32202
Primary Email: paul@pajcic.com
Secondary Email: molly@pajcic.com
*Attorneys for Plaintiff*

/s/ Meghan K. Bradley
Meghan K. Bradley
Florida Bar No. 1010918
*Attorneys for Defendant*