UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IRENE ROUNDTREE,

                    Plaintiff,

v.                                                Case No.: 3:23-cv-358-WWB-JBT

WERNER ENTERPRISES, INC., and
MARLIN FOSTER

                    Defendants.
_____

### DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S REBUTTAL EXPERT, OR IN THE ALTERNATIVE, TO EXCLUDE OR LIMIT HIS TESTIMONY WITH INCORPORATED MEMORANDUM OF LAW

Defendants, Werner Enterprises, Inc. and Marlin Foster ("Defendants"), pursuant to Rule 37(c)(1), Federal Rules of Civil Procedure, respectfully move this Court for the entry of an order striking an expert witness newly disclosed by Plaintiff. While disguised as a "rebuttal" expert, this witness is not. Instead, Plaintiff's disclosure clearly reflects an inappropriately belated effort by Plaintiff to triage her case following her failure to disclose a biomechanical expert.

In this Circuit, when an initial expert report is improperly submitted under the guise of rebuttal expert, the expert should be excluded "even if the consequence is to preclude a party's entire claim or defense." *See, e.g., Kendall Lakes Towers Condo. Ass'n, Inc. v. Pacific Ins. Co., Ltd*, No. 10-24310-CIV, 2011 WL 6372198, at *3 (S.D. Fla. Dec. 20, 2011). Rule 37(1)(c) compels this result unless the violating party can show that the improper disclosure is substantially justified or is harmless. *Kroll v. Carnival Corp.*, No. 19-23017-CIV, 2020 U.S. Dist. LEXIS 147781 (S.D. Fla. Aug. 17, 2020); *Okupaku v. American Airlines, Inc.*, No. 06-61392-CIV, 2007 WL 3511917, at *1-3 (S.D. Fla. Nov. 17,

2007). Given the timing and circumstances here, and more importantly the improper new opinions in the recently-added expert's report, Plaintiff cannot meet that burden and an order of preclusion is warranted. In support, Defendants state as follows:

## **BACKGROUND**

This is a personal injury matter involving alleged injuries from a motor vehicle accident that occurred on October 28, 2022, in Jacksonville, Duval County, Florida. Plaintiff Irene Roundtree ("Plaintiff") alleges a variety of injuries that she claims were caused by Defendants' negligent operation of a tractor trailer that collided with her vehicle. D.E. 13. Defendants dispute the nature and extent of the injuries claimed. D.E. 16, 19.

The Court's scheduling orders [D.E. 7, 24] are explicit as to the Court's requirements and expectations. These orders as well as Rule 26(a)(2) expressly mandate the requirements for expert witness disclosure and timing, including the granting of an unopposed motion to extend certain deadlines, including for expert report disclosure. The relevant schedule required Plaintiff's disclosure to occur by December 19, 2023; Defendant's disclosure by January 19, 2024; and rebuttal report disclosure by February 16, 2024. D.E. 24. Discovery closed on April 19, 2024. D.E. 24.

Plaintiff did not disclose any expert reports on or before December 19, 2023, but Defendants did timely disclose experts by serving a disclosure with accompanying reports to Plaintiff on January 19, 2024, including (amongst others) a report by their biomechanical expert, Dr. Sebastian Y. Bawab, Ph.D., who was identified as an expert in the fields of accident reconstruction, biomechanical engineering, biodynamics, and kinematics. *See* Defendants' Expert Witness Disclosure and report of Dr. Bawab, attached as Exhibit A. Thereafter, apparently recognizing the lack of any evidence or

other ability to properly connect the collision to Plaintiff's purported injuries, Plaintiff disclosed a putative "rebuttal" expert in February 2024. Plaintiff did not seek leave of Court to serve a late expert report in support of her ***case-in-chief*** or to extend any deadline to serve such a report.[1]

Plaintiff's Rebuttal Expert Witness Disclosure identifies a single expert, Dr. Michael D. Freeman, Forensic Research + Analysis, P.O. Box 96309, Portland, OR 97296, specifically to opine on general and specific causation, concluding that Dr. Freemen intends to rebut Dr. Bawab's opinions regarding the biomechanics and forces of the crash and how they relate to Plaintiff's injuries, although no such initial expert or opinion was disclosed or provided by Plaintiff. *See* Plaintiff's Rebuttal Expert Witness Disclosure along with Dr. Freeman's report, attached as Exhibit B. Notably, although declared a "rebuttal" expert, the description provided in the disclosure as well as Dr. Freeman's report opine independently on the biomechanics and forces of the crash, often without reference to Dr. Bawab's methodology, sources, information, applications, evaluations, assertions, conclusions, opinions, or report. The proffered report of Dr. Freeman consists of his opinions on the issue of causal relationship between the collision and Plaintiff's injuries – couched as a "rebuttal" of Dr. Bawab's opinions. Interestingly, many of Dr. Freeman's qualifications, experience, and positions appear to be based in the United Kingdom and Europe. It appears that Dr. Freeman based his opinion on a review of certain of Plaintiff's medical records, her deposition transcript and discovery responses, the crash report and certain pictures, and Dr. Bawab's report. Based on this minimal review, Dr. Freeman

---

[1] Plaintiff's counsel did request a short extension from Defendants' counsel to serve a rebuttal expert. Defense counsel agreed, but indicated he reserved the right to object to admissibility of any opinions and challenge whether the expert is truly rebuttal or something that should have been disclosed initially, since it is Plaintiff's burden of proof.

opines that the subject crash is the most probable cause of Plaintiff's injuries. He spends an inordinate amount of the report attacking Dr. Bawab's comparisons to everyday activities, rather than addressing the primary issue of whether the injury mechanism had the potential to cause the injury in question – even though Dr. Freeman identifies this issue as the first step and is the primary relevant opinion of Dr. Bawab that this collision did not have such a potential for injury. Still, Dr. Freeman does not disagree with Dr. Bawab's estimate that the collision would have caused a change in speed of approximately 4.8 miles per hour ("delta v"), although he takes minor issue with the calculation of peak acceleration, opining 3.9 g force as opposed to Dr. Bawab's assessment of 2.2 g force. Dr. Freeman goes on to contend that no collision is comparable to activities of daily living, that computer simulations in general are unreliable to assess injuries caused by a collision, and that broadly no biomechanical analysis could demonstrate a lack of injury in this collision.

## **MEMORANDUM OF LAW**

### I. DR. FREEMAN SHOULD BE STRICKEN BECAUSE HE IS AN AFFIRMATIVE EXPERT IMPROPERLY CLOAKED AS A "REBUTTAL" EXPERT TO CIRCUMVENT THE COURT'S DISCLOSURE DEADLINE

Expert disclosures, including the disclosure of a rebuttal expert, must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D); *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 717 (11th Cir. 2019). "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Morin v. United States*, 534 F. Supp. 2d 1179, 1189 (D. Nev. 2005) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)). When a scheduling order provides for expert witness disclosures, such discloses must be made "at the time and in the sequence directed by the court." *Baldwin Graphic Sys., Inc. v.*

*Siebert, Inc.*, No. 03 C 7713, 2005 U.S. Dist. LEXIS 10692, 2005 WL 1300763, at * 1 (N.D. Ill. Feb. 22, 2005).

Compliance with Rule 26's expert witness disclosure rule is mandatory and self-executing. *Lohnes v. Level 3 Comms., Inc.*, 272 F.3d 49, 51 (1st Cir. 2001). The purpose of the rule governing expert witness disclosure requirements is to safeguard against surprise. *Thibeault v. Square D Co.*, 960 F.2d 239, 244 (1st Cir. 1992) (stating that the rule was designed to facilitate a "fair contest with the basic issues and facts disclosed to the fullest practical extent").

An expert may be used for rebuttal only if the expert offers evidence that is "intended solely to contradict or rebut evidence on the same subject matter identified by" the affirmative expert of another party. *Burger King Corp. v. Berry*, No. 18-20435-CIV, 2019 U.S. Dist. LEXIS 36187, 2019 WL 571483, at *2 (S.D. Fla. Jan. 8, 2019) (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)) (emphasis added); *Incardone v. Royal Carribean Cruises, Ltd.*, No. 16-20924, 2018 U.S. Dist. LEXIS 209109, 2018 WL 6520934, at *4 (S.D. Fla. Dec. 11, 2018). However, a rebuttal report cannot be used to advance new arguments or new evidence. See *Wreal, LLC v. Amazon.com, Inc.*, No. 1421385, 2016 U.S. Dist. LEXIS 192613, 2016 WL 8793317, at *3 (S.D. Fla. Jan. 7, 2016). Moreover, a report which adds new damages is not a rebuttal expert report. *Kendall Lakes Towers Condo. Ass'n, Inc..*, 2011 U.S. Dist. LEXIS 146270, 2011 WL 6372198, at *4.

Federal courts routinely strike expert reports or exclude expert testimony which is not timely disclosed, even if the consequence is to preclude a party's entire claim or defense. See, e.g., *Santiago-Diaz v. Laboratorio Clinico y de Referencia del Este*, 456

F.3d 272, 277-78 (1st Cir. 2006) (affirming preclusion order even though the result was to exclude evidence critical to plaintiff's claim). In addition, courts provide similar consequences when an initial expert is designated late, as a purported rebuttal-type expert. *Nelson v. Ipalco Enters.*, No. IP02477CHK, 2005 U.S. Dist. LEXIS 16909, 2005 WL 1924332, at *8-9 (S.D. Ind. Aug. 11, 2005). *See generally Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1348-49 (11th Cir. 2004) (excluding untimely expert report).

Preclusion is an appropriate sanction for a failure to comply with the witness disclosure requirements. *See* Fed. R. Civ. Pro. 37(c)(1); *Lohnes*, 272 F.3d at 60. Yet, a district court has discretion to decide whether to impose an exclusion order, such as one striking an expert witness report. *Jackson v. Harvard Univ.*, 900 F.2d 464, 468-69 (1st Cir. 1990). Evaluating a preclusion request involves an analysis of several factors, including the history of the litigation, the proponent's need for the challenged evidence, the justification (if any) for the late disclosure and the opponent's ability to overcome its adverse effects (i.e., the degree of prejudice and whether it can be cured or ameliorated). *MaCaulay v. Anas*, 321 F.3d 45, 51 (1st Cir. 2003). Ultimately, a district court has discretion to admit or to exclude an untimely expert report (and to permit or to prevent that expert to testify). *Bearint*, 389 F.3d at 1348-49.

Where a party attempts to designate as a "rebuttal" expert someone whose proposed testimony is beyond the scope of appropriate rebuttal, that witness may be viewed as an initial expert who was not timely designated and whose testimony may be stricken by the Court for violating Rule 26(a) and the Court's governing scheduling order. *See, e.g., Donell v. Fidelity Nat'l Title Agency of Nev.*, No. 07-00001, 2012 U.S. Dist. LEXIS 6590, 2012 WL 170990, at *4 (D. Nev. Jan. 20, 2012) ("[I]t is clear that Brooks was

always intended to testify as an initial expert witness for the Plaintiff. Plaintiff failed to designate him as an initial expert and is now improperly attempting to use him as a rebuttal expert to obtain an extension of the deadline for designating an initial expert."). Rule 37(c)(1) compels this result unless the violating party can show that the improper disclosure is substantially justified or is harmless. *See Kroll v. Carnival Corp.*, 2020 U.S. Dist. LEXIS 147781; *Okupaku v. American Airlines, Inc.*, 2007 U.S. Dist. LEXIS 84070.

When a party incorrectly proffers an expert witness as a rebuttal expert, some courts permit the expert to provide expert opinion testimony on the rebuttal topics (if there are any) but exclude opinions on other issues. *See, e.g., Ohio State Troopers Ass'n v. Point Blank Enters.*, Nos. 18-CV-63130 & 19-CV-61881, 2020 U.S. Dist. LEXIS 58984, 2020 WL 1666763 (S.D. Fla. April 3, 2020).

In other instances, courts have completely excluded experts who were incorrectly branded as rebuttal experts to avoid expired deadlines. District courts, including those in Florida, are not hesitant to exclude or substantially limit expert opinion testimony at trial when an expert is masquerading as a rebuttal expert because the attorney missed the deadline for expert witness disclosures and tried to cure that mistake by strategically and incorrectly attaching the "rebuttal expert" designation to the tardily-disclosed expert. *See Flamingo South Beach I Condo. Ass'n, Inc., v. Selective Ins. Co. of Southeast*, 492 F. App'x 16, 21-26 (11th Cir. 2012) (upholding order striking a purported rebuttal expert report because it was not "solely in rebuttal" to the opposing party's expert); *cf. Blake v. Securitas Sec. Servs., Inc.*, 292 F.R.D. 15, 17 (D.D.C. 2013) (striking a "thinly veiled" attempt to have an initial expert report improperly couched as a rebuttal expert report to "circumvent" a failure to make timely expert disclosure); *cf. Home Design Servs., Inc. v.*

7

*Hibiscus Homes of Fla., Inc.*, No. 603CV1860ORL19KRS, 2005 U.S. Dist. LEXIS 41745, 2005 WL 2465020, at *4-5 (M.D. Fla. Oct. 6, 2005) (striking parts of rebuttal report which went beyond identifying purported flaws in opposing expert's analysis and which offered independent analysis not tied to the opposing expert's report); *Allgood v. Gen. Motors Corp.*, No. 1:02-cv-1077, 2007 U.S. Dist. LEXIS 8123, 2007 WL 647496, at *1-2 (S.D. Ind. Feb. 2, 2007) (striking rebuttal report which introduced new testimony as to damages). Thus, Plaintiff bears the burden to show that substantial justification exists for the Court to allow late-disclosed experts to testify or that the failure to make timely disclosure is harmless to Defendant. Fed. R. Civ. P. 37(c)(1); *Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004); *see also Okupaku*, 2007 U.S. Dist. LEXIS 84070, 2007 WL 3511917, at *1.

Yet, it is obvious that Dr. Freeman's opinions are plainly in the nature of an affirmative expert and not **solely** to rebut Dr. Bawab's opinions. His report offered opinions both as to the cause of Plaintiff's alleged injuries and the potential for medical damages sustained as a result. It is undisputed that Dr. Freeman is the *first* expert in this case to suggest that:

a) the forces on Plaintiff caused by the collisions are greater than those opined by Dr. Bawab;

b) computer simulations are not helpful to assess the biomechanics of the collision;

c) there can be no comparison between the collision and daily living activities; and

d) the injury mechanism in this collision had the potential to cause the injury in question.

This subject area plainly relates to Plaintiff's burden of proof in her prima facie case. An eleventh-hour expert, especially when he is an affirmative expert disguised as a rebuttal expert, wreaks havoc on the orderly progression of the case and places an undue burden on the defense. The rules of the road are clear that in discovery, as in trial, damages are to be presented during the Plaintiff's case in chief.

Here, it is only after Defendants disclosed experts attacking the causation of any injuries from the subject collision that Dr. Freeman was tapped to try and save the case for the Plaintiff. Plaintiff filed this lawsuit on March 2, 2023. D.E. 1-1. Despite the fact that over a year has now passed since the inception of this case, Plaintiff apparently waited until after Defendants disclosed their experts to disclose Dr. Freeman shortly before the discovery cutoff so he could hastily render a "rebuttal" report. However, last minute scrambling to fix case defects is not a basis to justify the late entry of an improperly disclosed affirmative expert disguised as a "rebuttal" expert.

In fact, although characterized as a "rebuttal" expert, Dr. Freeman's report includes relatively scant section directly commenting on the opinions of Defendants' retained expert, Dr. Bawab – primarily presenting excerpts from his prior works with minimal connection or relation to Dr. Bawab's opinions. These are completely new theories and opinions, not rebuttal.

A comprehensive opinion issued in *Point Blank Enterprises, Inc*., Nos. 18-CV-63130, 19-CV-61881, 2020 WL 1666763 (S.D. Fla. April 3, 2020) addressed a similar situation. Tackling *Daubert* challenges along with a challenge to a defense expert labeled as rebuttal, the court held that the challenged expert could testify as to true rebuttal issues, but would be excluded as to other matters. *Id.* at *9. The court closely compared

9

the competing expert's reports and allowed testimony that challenged the plaintiff's experts and assumptions. Noting that "nothing constrains an expert preparing a rebuttal report from taking a different approach, … employing a different methodology or from reframing an issue before analyzing it," the court identified a significant topic which, if the testimony was allowed, would take the putative rebuttal expert outside the subject area of the other expert's opinions and turn her into a belatedly-disclosed affirmative expert. *Id.* at 10. In support of the decision to bar the proposed "rebuttal" testimony, the court considered factors under Rule 37(c)(1) and concluded that there was not substantial justification and harmlessness to excuse the defendant's late disclosure of its expert on an affirmative issue in the case. *Id.* at 11. The disclosure caused surprise, and it could not be cured by allowing further experts due to other deadlines. *Id.*

The same prejudicial effect was also explored in *Okypaku v. American Airlines, Inc.*, No. 06-61392, 2007 WL 3511917, at *1-3 (S.D. Fla. Nov. 14, 2007) in which the court rebuffed plaintiff's late effort to cast an expert as a rebuttal to avoid preclusion when he was first listed after the deadline for expert disclosures. Permitting the expert's late entry would be unfair to the defendant, the court ruled, as it had reasonably relied on the timely-filed disclosures in choosing its own medical expert. Extending discovery deadlines at the last minute to allow the defense to change experts does not eliminate the harm presented by allowing plaintiff to shift the case shortly before the discovery deadline. *Id.* at *3. *See also 1550 Brickell Associates v. QBE Ins. Corp.,* No. 07-22283-CIV, 2010 WL 1947636, at *2 (S.D. Fla. May 13, 2010) (striking experts listed as rebuttal experts because they would be testifying on a new subject area and because that would further prolong discovery and trial).

Moreover, a purported "rebuttal" expert was limited in *Kroll v. Carnival Corp.*, where the court also rebuffed plaintiff's late effort to cast an expert as a rebuttal to avoid preclusion when he was first included after an initial expert was debunked, and after the deadline for expert disclosures. Except portions that were solely for rebuttal, permitting a new expert's late entry would similarly be unfair to the defendant, the court ruled, as it had reasonably relied on the timely-filed disclosures in choosing its own expert. Ultimately, if such tactics were permissible, plaintiffs could routinely shop for their experts until the very day of discovery, leaving defendants to scramble to respond without any degree of control or certainty in the process.

Here, the Court does not need to wield a fine scalpel in order to conclude that the disclosure of Dr. Freeman was untimely and improper since the proffered opinions are clearly a desperate effort to reboot the plaintiff's case in chief. While Dr. Freeman makes some attempts to reference Dr. Bawab's Report in his "rebuttal," in truth there is only limited "rebuttal" of Dr. Bawab's assumptions or methodology. The references are in the nature of comments and criticisms of "junk science" as opposed to professional differences regarding specific pieces of his methodology. His report devotes very little, if any, meaningful analysis of Dr. Bawab's approach, let alone "solely" to do so – instead relying, promoting, and quoting in large part his own publications. As such, Defendants maintain that Dr. Freeman's report should be stricken as there is no aspect of it that has evidentiary value as a true rebuttal opinion. *See Flamingo South Beach I Condo. Ass'n, Inc., v. Selective Ins. Co. of Southeast,* 492 Fed. App'x. 16, 21-26 (11th Cir. 2012) (upholding Judge King's striking of a purported rebuttal expert report because it was not "solely in rebuttal" to the opposing party's expert); *Blake v. Securitas Sec. Servs., Inc.*

292 F.R.D. 15, 17 (D.D.C. 2013) (striking a "thinly veiled" initial expert report improperly couched as a rebuttal); *cf. Home Design Servs., Inc. v. Hibiscus Homes of Fla., Inc.* No. 603CV1860ORL19KRS, 2005 WL 2465020, at *4-5 (M.D. Fla. Oct. 6, 2005) (striking parts of rebuttal report which went beyond identifying purported flaws in opposing expert's analysis and which offered independent analysis not tied to the opposing expert's report); *Allgood v. Gen. Motors Corp.,* No. 1:02-cv-1077, 2007 WL 647496, at *1-2 (S.D. Ind. Feb. 2, 2007) (striking rebuttal report which introduced new testimony as to damages). However, if the Court is inclined to consider any of Dr. Freeman's proffered testimony as admissible, Defendants would respectfully suggest that any references to his evaluation or his causation opinion be excluded and he instead, be limited to the opinions expressed in direct rebuttal to Dr. Bawab.

## II. REQUEST FOR EXTENSION OF TIME TO PREPARE A DAUBERT CHALLENGE

Alternatively, in the event the Court is inclined to permit Dr. Freeman to offer the proposed "rebuttal" opinions, Defendants would respectively request an extension of time to address the veracity of such opinions via a Daubert challenge. Defendants have only recently received Dr. Freeman's report and need additional time in which to confer with their experts in order to prepare for a deposition and potential exclusionary motion. Notably, Defendant has no interest in deposing Dr. Freeman but instead plans to challenge the opinions as stated in his report, if necessary. Accordingly, with the Court's indulgence, a brief extension of time beyond the date of the Court's ruling on the motion to strike would suffice.

### III. CONCLUSION

Pursuant to Rule 37(c)(1), Eleventh Circuit precedent and the consistent application of precedent, Defendants respectfully request that the Court strike Dr. Freeman as an expert in this case. If the Court is inclined to allow some limited rebuttal, it should not digress from the criticism of Dr. Bawab's assumptions and methodology — exclusive of his own diagnosis, the results of his own investigation, or any assessment of forces or causation opinions. Alternatively, in the event the Court is inclined to permit Dr. Freeman to offer the proposed "rebuttal" opinions, Defendants would respectively request an extension of time to address the veracity of those opinions via a Daubert challenge.

### RULE 3.01(G) CERTIFICATION

Pursuant to Rule 3.01(g), of the Local Rules of the United States District Court for the Middle District of Florida, the undersigned counsel for Defendants certifies that he has complied with the attorney-conference requirement of Local Rule 3.01(g) and Plaintiff's counsel opposes to the relief sought by this Motion.

WHEREFORE, Defendants hereby request that the Court enter an Order striking or limiting Plaintiff's newly disclosed expert witness, Dr. Freeman.

Dated: April 26, 2024.

        */s/ C. H. Houston III*
        Heath L. Vickers
        Florida Bar No. 0084769
        C. H. Houston III
        Florida Bar No. 100268
        CARR ALLISON
        200 W Forsyth Street, Suite 600
        Jacksonville, Florida 32202
        Telephone: (904) 328-6456
        Facsimile: (904) 328-6473
        Email: hvickers@carrallison.com
        Email: chhouston@carrallison.com

Secondary Email:<br>
nwelsh@carrallison.com<br>
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 26, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide a notice of electronic filing and a copy of the foregoing to the following:

Paul Shorstein
PAJCIC & PAJCIC, P.A.
One Independent Drive, Suite 1900
Jacksonville, FL 32202
Primary Email: paul@pajcic.com
Secondary Email: molly@pajcic.com
*Attorneys for Plaintiff*

*/s/ C. H. Houston III*
C. H. Houston III
Florida Bar No. 100268
*Attorney for Defendants*