UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:   3:23-cv-358-WWB-JBT

IRENE ROUNDTREE,

    Plaintiff,

vs.

WERNER ENTERPRISES, INC., and
MARLIN FOSTER,

    Defendants.
_____

**PLAINTIFF'S RULE 26(a)(2)**
**EXPERT WITNESS DISCLOSURES**

Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, Plaintiff, Irene Roundtree, submits the following disclosure of experts which is subject to modification and supplementation based upon additional information adduced in discovery and Plaintiff's continued treatment of her injuries.

**The following are <u>non-retained</u> testifying experts (treating doctors/medical personnel) pursuant to Federal Rule of Civil Procedure 26(a)(2)(B):**

**CAVEAT**

Plaintiff's non-retained testifying expert disclosures are not yet due because the scheduling order's deadline for Plaintiff's disclosure of "expert reports" is

1

"inapplicable to disclosing a non-retained expert, which requires no report." *Vercher v. Omni Hotels Mgmt. Corp.*, Case No. 3:20-cv-1388-MMH-PDB, at *5 (M. D. Fla. May 17, 2022); *see also* Fed. R. Civ. P. 26(a)(2)(C)(providing disclosure requirements for non-retained expert witnesses who do not provide a written report). Instead, Rule 26(a)(2)(D)'s default deadline of "at least 90 days before the date set for trial or for the case to be ready for trial" applies "considering the use of 'Reports' in the case management and scheduling order, the absence of a requirement to include reports with disclosures of non-retained witnesses, and the exclusion from the case management and scheduling order of any other deadline for expert disclosure." *Vercher*, 2022 WL 1555518 at *5. Plaintiff is nevertheless disclosing certain non-retained testifying experts below, while reserving her right to supplement or amend these disclosures, as well as the right to provide additional Rule 26(a)(2)(C) disclosures, before the close of discovery, or, at the latest, before the Rule 26(a)(2)(D) deadline of at least 90 days before trial.

Plaintiff also notes that "[a] witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony" under Rule 702. *Vercher*, 2022 WL 1555518 at *4 (quoting Fed. R. Civ. P. 26(a) advisory committee's note to 2010 amendment). As the advisory committee notes explain, frequent examples of these witnesses "include physicians or other health care professionals … who do not regularly provide

2

expert testimony." Fed. R. Civ. P. 26(a) advisory committee's note to 2010 amendment; *see also Triolo v. United States*, Case No. 3:18-cv-919-J-34JBT, 2019 AWL 10375471 at *2 (M.D. Fla. Aug. 23, 2019) (plaintiffs are not required to produce expert reports for treating physicians who will testify regarding causation, prognosis, or future treatment). The Rule 26(a)(2)(C) disclosure requirements for these witnesses are "considerably less extensive" than the report required for a retained expert, and "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." Fed. R. Civ. P. 26(a) advisory committee's note to 2010 amendment.

**The following are <u>non-retained</u> testifying experts (treating doctors/medical personnel) pursuant to Federal Rule of Civil Procedure 26(a)(2)(B):**

1. Deric D'Agostino, D.C.
   River City Medical Associates, Inc./
   Absolute Injury & Pain Physicians,
   6947 Merrill Road
   Jacksonville, FL 32277
   (904) 743-2222

Dr. D'Agostino is an unretained, treating chiropractic physician for Irene Roundtree. Dr. D'Agostino rendered care and treatment to Ms. Roundtree for the injuries she suffered as a result of the crash at issue in this case.

3

Subject Matter: The subject matter of Dr. D'Agostino testimony will be all aspects of treatment and care he rendered to Ms. Roundtree, including Ms. Roundtree's medical conditions, prognosis, the causation of Ms. Roundtree's injuries, and the limitations associated with the same. Dr. D'Agostino's opinions are derived from his treatment of Ms. Roundtree's injuries she suffered as a result of the crash at issue in this case.

Summary of Facts and Opinions: Dr. D'Agostino will testify that on November 2, 2022, Plaintiff presented to his office with symptoms of headaches, neck pain and mid and low back pain. She was dizzy/dazed, nervous, anxious and had difficulty sleeping since the crash. She was initially diagnosed with cramps and muscle spasms, sprained ligaments in her cervical, thoracic and lumbar spinal areas, vertebrogenic low back pain, thoracic spine pain, cervicalgia and contracture of muscles at multiple sites. She was prescribed medication for her symptoms and referred to physical therapy. Plaintiff began physical therapy due to neck, back and shoulder pain. She had dizziness and difficulty with balancing and with concentration.

Ms. Roundtree returned to Absolute Injury and Pain Physicians on November 16, 2022, with the same symptoms as well as neck pain that radiated into her trapezius muscles and shoulders bilaterally and back pain that radiated into her hips. Cervical and lumbar MRIs were ordered, and a trigger point

4

injection and occipital nerve blocks were administered. Ms. Roundtree continued her treatment throughout December. A Videonystagmography test was done on December 14, 2022, which showed evidence of significant peripheral and central vestibular dysfunction suggestive of benign paroxysmal positional vertigo. A trigger point injection and occipital nerve block was administered on December 21, 2022. Ms. Roundtree continued treatment until her course of physical therapy was finished in March of 2023. She continued to have neck pain radiating into her trapezius muscles and shoulders, back pain with muscle spasms, headaches, memory loss, poor concentration, and dizziness. She was assessed with a traumatic brain injury, occipital neuralgia, cervical and lumbar sprain and strain and muscle spasms. She was referred for a neurosurgical evaluation with Dr. Andrew Cannestra at Surgery Consultants of Florida. Dr. D'Agostino will testify that Ms. Roundtree suffered permanent injuries, and/or an exacerbation of a pre-existing condition(s), within a reasonable degree of medical probability to her neck and low back as a result of the subject crash and how these injuries will affect her for the rest of her life, including the need for future medical treatment, including pain management, at a cost that has yet to be determined.

    2.    Jay S. Park, D.O.
            Innovative Imaging
            10696 Old St. Augustine Road
            Jacksonville, FL 32257
            (904) 268-1080

Dr. Park is an unretained, treating board certified radiologist who will testify regarding his findings on Ms. Roundtree's MRIs and other radiology studies.

Subject Matter: Dr. Park will testify that the positive findings on the MRIs are related to the crash described in the Plaintiff's Complaint.

Summary of Facts and Opinions: Dr. Park will testify that on December 21, 2021, Ms. Roundtree presented to Innovative Imaging for cervical and lumbar MRIs. The results of the MRIs were as follows:

Cervical MRI – Disc bulging at C5-C6 with impression on the thecal sac and mild spinal canal stenosis measuring 1.0 cm; a shallow posterior disc herniation at C6-C7 impressing on the anterior thecal sac with mild spinal canal stenosis measuring 1.0 cm and it being medically probable that this herniation is related to the motor vehicle accident.

Lumbar MRI – disc bulging at L4-L5 with impression on the thecal sac; a posterior right sided neural foraminal disc herniation at L5-S1 superimposed upon disc bulging with moderate right sided and mild left sided neural foraminal stenosis and it being medically probably that this herniation is related to the motor vehicle accident.

    3.    Zachary Dexter, PTA
           Hitendra B. Patel, PT
           Rebound Rehabilitation
           644 Cesery Blvd., Suite 103

>Jacksonville, FL 32211
>(904) 903-2755

Physical Therapist Dexter and Physical Therapist Hitendra are unretained, treating physical therapists who rendered care and treatment to Ms. Roundtree for the injuries she suffered as a result of the crash at issue in this case.

<u>Subject Matter</u>:  The subject matter of Physical Therapist Dexter's and Physical Therapist Hitendra's testimony will be all aspects of treatment and care they rendered to Ms. Roundtree, including Ms. Roundtree's prognosis, the cause of Ms. Roundtree's injuries and limitations associated with the same.

<u>Summary of Facts and Opinions</u>: Physical therapists Dexter and Patel will testify that on January 5, 2023, Ms. Roundtree presented to Rebound Rehabilitation for physical therapy with pain in her neck, shoulders and back, dizziness and problems with her balance. She completed a course of physical therapy addressing those issues until April of 2023. They will testify as to the treatment and progression of her injuries and symptoms through that period of physical therapy.

>4.  Dr. Beverly Eadie, D.O.
>    Surgery Consultants of Tampa
>    4221 N. Himes Avenue
>    Tampa, FL 33607
>    (813) 874-7217

Dr. Eadie is an unretained, treating physician who specializes in physical medicine and rehabilitation who rendered care and treatment to Ms. Roundtree for the injuries she suffered as a result of the crash at issue in this case.

7

Subject Matter: Dr. Eadie will testify regarding the nature and extent of Ms. Roundtree's crash related injuries, the care and treatment rendered to Ms. Roundtree, the course of recovery after her injuries, the cause of Ms. Roundtree's injuries, her need for future medical treatment, the cost and expenses of future care and treatment, and her prognosis and how her injuries will affect her for the remainder of her life.

Summary of Facts and Opinions: Dr. Eadie will testify that on June 12, 2023, Ms. Roundtree had an initial consultation with Dr. Eadie after being referred for pain management to her by Dr. Cannestra. She was experiencing neck and back pain as well as headaches, and Dr. Eadie recommended injections and limitations in her activities of daily living. On September 13, 2023, Dr. Eadie administered an epidural steroid injection into her C5-C7 disc spaces. Ms. Roundtree's treatment with Dr. Eadie is ongoing. Dr. Eadie will testify that Ms. Roundtree suffered permanent injuries, and/or an exacerbation of a pre-existing condition(s), within a reasonable degree of medical probability to her neck and low back as a result of the subject crash and how these injuries will affect her for the rest of her life, including the need for future medical treatment, including pain management, at a cost that has yet to be determined.

Dr. Eadie's opinions will be based upon her professional training and experience, Ms. Roundtree's medical records, various diagnostic tests and

procedures performed on her, the examination(s) that he has made of her and her response to all medical treatment to date.

    5.    Dr. Hector Pagan, M.D.
          800 Prudential Drive
          Jacksonville, Florida 32207
          (904) 202-2000

Dr. Pagan is an unretained, treating physician who is board certified in anesthesiology and who specializes in pain medicine and anesthesiology who is expected to render care and treatment to Ms. Roundtree for the injuries she suffered as a result of the crash at issue in this case.

Subject Matter: Dr. Pagan will testify regarding the nature and extent of Ms. Roundtree's crash related injuries, the care and treatment rendered to Ms. Roundtree, the course of recovery after her injuries, the cause of Ms. Roundtree's injuries, her need for future medical treatment, the cost and expenses of future care and treatment, and her prognosis and how her injuries will affect her for the remainder of her life.

Summary of Facts and Opinions: Dr. Pagan will testify that in December of 2023, Ms. Roundtree was referred to him by Dr. Eadie for ongoing pain management related to her neck and back pain as well as headaches. She has continued to treat with him for pain management for injuries to her head, neck and back including ongoing injection therapy. Dr. Pagan will testify that Ms.

9

Roundtree suffered permanent injuries, and/or an exacerbation of a pre-existing condition(s), within a reasonable degree of medical probability to her neck and low back as a result of the subject crash and how these injuries will affect her for the rest of her life, including the need for future medical treatment, including pain management, at a cost that has yet to be determined.

Dr. Pagan's opinions will be based upon his professional training and experience, Ms. Roundtree's medical records, various diagnostic tests and procedures performed on her, the examination(s) that he has made of her and her response to all medical treatment to date.

6. Dr. Andrew F. Cannestra, M.D.
   Surgery Consultants of Jacksonville
   4401 Emerson Street, Suite 4
   Jacksonville, Florida 32207
   (904) 337-0891

Dr. Cannestra is an unretained, treating physician who specializes in physical medicine and rehabilitation who rendered care and treatment to Ms. Roundtree for the injuries she suffered as a result of the crash at issue in this case.

Subject Matter: Dr. Cannestra will testify regarding the nature and extent of Ms. Roundtree's crash related injuries, the care and treatment rendered to Ms. Roundtree, the course of recovery after her injuries, the cause of Ms. Roundtree's injuries, her need for future medical treatment, the cost and expenses of future care

and treatment, and her prognosis and how her injuries will affect her for the remainder of her life.

Summary of Facts and Opinions: Dr. Cannestra will testify that on May 3, 2023, Ms. Roundtree had an initial consultation to discuss her ongoing neck and back pain. Her neck pain was radiating into her trapezius muscles and deltoids bilaterally. She had weakness in her hands and numbness and tingling into her shoulders. Her low back pain radiated into her back and buttocks. Dr. Cannestra noted her cervical MRI showed a herniated disc at C6-C7 with mild stenosis and disc bulging with mild stenosis. Her lumbar MRI showed a right sided disc herniation superimposed on disc bulging at L5-S1 and disc bulging at L4-L5. He diagnosed her with cervical and lumbar herniated discs with cervicalgia and lumbago.

Dr. Cannestra recommended pain management to include epidural steroid injections in her cervical and lumbar spinal areas. He indicated she is a candidate for surgery at the C5-C6 and C6-C7 levels and possibly an ablation and surgery at the L5-S1 level depending on the success of pain management. He referred Ms. Roundtree to Dr. Beverly Eadie for the pain management. Dr. Cannestra will testify that Ms. Roundtree suffered permanent injuries, and/or an exacerbation of a pre-existing condition(s), within a reasonable degree of medical probability to her neck and low back as a result of the subject crash and how these injuries will

affect her for the rest of her life, including the need for future medical treatment, including pain management, at a cost that has yet to be determined. She may need surgery, as a result of her injuries from the crash, which he estimates to cost between $200,000 - $225,000 for a cervical fusion and $50,000 - $60,000 for a lumbar discectomy.

Dr. Cannestra's opinions will be based upon his professional training and experience, Ms. Roundtree's medical records, various diagnostic tests and procedures performed on her, the examination(s) that he has made of her and her response to all medical treatment to date.

Dated February 22, 2024

**PAJCIC & PAJCIC, P.A.**

*/s/ Paul Shorstein*

**PAUL SHORSTEIN, ESQUIRE**
Florida Bar No.: 814431
**STEPHEN PAJCIC, ESQUIRE**
Florida Bar No.: 143485
One Independent Drive, Suite 1900
Jacksonville, FL 32202
Telephone: (904) 358-8881
Facsimile: (904) 354-1180
Email: Paul@Pajcic.com
Secondary email: Molly@Pajcic.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2024, I electronically served the foregoing to Heath L. Vickers, Esquire, and Ashton T. Hampton, Esquire, Carr Allison, 200 W. Forsyth Street, Suite 600, Jacksonville, FL 32202, hvickers@carrallison.com, ahampton@carrallison.com, attorneys for Defendant Werner Enterprises, Inc.

**PAJCIC & PAJCIC, P.A.**

**/s/ Paul Shorstein**

**PAUL SHORSTEIN, ESQUIRE**
Florida Bar No.: 814431
**STEPHEN PAJCIC, ESQUIRE**
Florida Bar No.: 143485
One Independent Drive, Suite 1900
Jacksonville, FL  32202
Telephone: (904) 358-8881
Facsimile: (904) 354-1180
Email: Paul@Pajcic.com
Secondary email: Molly@Pajcic.com
Attorneys for Plaintiff